IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH HIPPS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BIGLARI HOLDINGS, INC., SARDAR BIGLARI, PHILIP L. COOLEY, KENNETH R. COOPER, JAMES P. MASTRIAN, and RUTH J. PERSON,<br><br>Defendants. | Case No.: 1:18-cv-00349 |

## NOTICE OF REMOVAL

Defendants Biglari Holdings, Inc. ("Biglari Holdings"), Sardar Biglari, Philip L. Cooley, Kenneth R. Cooper, James P. Mastrian, and Ruth J. Person (collectively, "Defendants") hereby remove the above-captioned action from the Hamilton County Superior Court of the State of Indiana to the United States District Court for the Southern District of Indiana, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Defendants state as follows:

### BACKGROUND

1. On January 29, 2018, Plaintiff Joseph Hipps ("Plaintiff") filed a putative class action complaint in the Hamilton County Superior Court of the State of Indiana captioned *Hipps v. Biglari Holdings, Inc., et al.*, No. 29D01-1801-CT-000760 ("Complaint"). Defendants each received a summons with respect to this action on or after January 30, 2018. A copy of the Complaint is attached as Exhibit 1, and the Summonses are attached as Exhibit 2.

2. The Complaint purports to assert three claims for relief: (a) a direct claim against Sardar Biglari in his capacity as controlling shareholder of Biglari Holdings for breach of fiduciary duty; (b) a direct claim against Defendants Sardar Biglari, Philip L. Cooley, Kenneth R. Cooper, James P. Mastrian, and Ruth J. Person (collectively, "Individual Defendants") for breach of fiduciary duty; and (c) a direct claim against Sardar Biglari for unjust enrichment. Notably, the Complaint asserts no claims at all against Biglari Holdings.

**DIVERSITY JURISDICTION EXISTS UNDER 28 U.S.C. § 1332**

3. This Court has jurisdiction over this action, and Defendants may properly remove to this Court, because there is complete diversity of citizenship of all named parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. §§ 1332(a), 1441(a).

A. **Diversity of Citizenship**

4. For purposes of determining diversity, an individual is deemed to be a citizen of his or her state of domicile, and a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016). "[T]he citizenship requirement for purposes of diversity jurisdiction in a class action hinges entirely on the citizenship of the named plaintiffs." *Payton v. Cty. of Kane*, 308 F.3d 673, 681 (7th Cir. 2002).

5.     The only named plaintiff in this action, Joseph Hipps, does not allege that he is a resident or citizen of any state.  Upon information and belief, Plaintiff is currently a citizen of the State of New York, residing at 111 Wooster Street, Apt. 4C, New York, NY 10012.[1]

6.     Defendants Sardar Biglari, Philip L. Cooley, Kenneth R. Cooper, and James P. Mastrian are citizens of the State of Texas.

7.     Defendant Ruth J. Person is a citizen of the State of Michigan.

8.     Defendant Biglari Holdings is incorporated in the State of Indiana and has its principal place of business in the State of Texas.  *See* Complaint at ¶ 14.

9.     Because Plaintiff is a citizen of New York and Defendants are citizens of Texas, Michigan, and Indiana, there is complete diversity among all named parties.

**B.     Amount in Controversy**

10.    The amount in controversy exceeds $75,000.

11.    On December 21, 2017, the Board of Directors of Biglari Holdings adopted the unanimous recommendation of the Governance, Compensation, and Nominating Committee of the Board to adopt and approve a proposal to reorganize and recapitalize the company in service of various goals including, *inter alia*, a "focus on long-term value creation and the pursuit of a conglomeration strategy."  Form S-4 Registration Statement at 20 (Dec. 22, 2017).

12.    Plaintiff disagrees with the Board's recommendation concerning the proposed reorganization and recapitalization.  In Plaintiff's view, the reorganization will "enrich[]" the CEO of Biglari Holdings, Sardar Biglari, and facilitate his ability to enter into further "highly-lucrative" transactions.  Complaint at ¶¶ 81, 109.  Plaintiff alleges that a class of "hundreds or

---

[1] According to company records, a registered shareholder named Joseph B. Hipps recently resided at 59 E. 73rd St., Apt. 5B, New York, NY 10021.  A public records search indicated that Mr. Hipps subsequently moved to his current address at 111 Wooster Street.

thousands of Biglari Holdings shareholders" will be harmed by the proposed reorganization. Complaint at ¶ 90.

13. Plaintiff seeks in this action to permanently enjoin the proposed corporate reorganization and recapitalization of Biglari Holdings, or recover "appropriate damages" to the extent injunctive relief is not granted. In addition, Plaintiff seeks costs, disbursements, attorneys' fees, experts' fees, and any other and further relief as is just and equitable.

14. In short, Plaintiff seeks to permanently enjoin a corporate reorganization and recapitalization unanimously recommended by the Individual Defendants, as well as conditional damages, costs, disbursements, attorneys' fees, experts' fees, and other relief for "hundreds or thousands of shareholders." Complaint at ¶ 90. As a result, more than $75,000 is in controversy in this case. This Court therefore has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## COMPLIANCE WITH REMOVAL PROCEDURES

15. Venue is proper in the Southern District of Indiana (Indianapolis Division) because it is the federal judicial district and division encompassing the Hamilton County Superior Court of the State of Indiana, where this suit was originally filed. 28 U.S.C. § 1441(a).

16. Removal is timely because Defendants filed this Notice of Removal within thirty days of their receipt of the Complaint. 28 U.S.C. § 1446(b).

17. None of "the parties in interest *properly joined and served as defendants* is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Plaintiff pleads three "direct claims" for relief against Sardar Biglari and the other Individual Defendants. Complaint at ¶¶ 98-112. Plaintiff, however, brings no claims against Biglari Holdings at all. Because Biglari Holdings is not properly joined and served as a defendant, its citizenship may be disregarded for purposes of 28 U.S.C. § 1441(b)(2).

18. Pursuant to 28 U.S.C. § 1446(b)(2)(A), Individual Defendants join in this removal. Defendant Biglari Holdings is not a properly joined party and, therefore, need not join in or consent to removal. *See, e.g.*, *Midland Mgmt. Co. v. Am. Alternative Ins. Corp.*, 132 F. Supp. 3d 1014, 1024 (N.D. Ill. 2015) ("[C]onsent is not required from defendants who have been fraudulently joined"). In any event, Biglari Holdings consents to removal to the extent such consent is necessary.

19. Pursuant to 28 U.S.C. § 1446(d), Defendants will provide Plaintiff with written notice of the filing of this Notice of Removal and file a copy of this Notice of Removal with the Clerk of the Hamilton County Superior Court of the State of Indiana.

20. Pursuant to 28 U.S.C. § 1446(a), Defendants have attached copies of all process, pleadings, and orders they have received. *See* Exhibits 1-9.

## NON-WAIVER OF DEFENSES

21. Defendants remove this case subject to and without waiver of any challenges that they may have as to personal jurisdiction, proper venue, or any other claims or defenses that may be available, all of which are expressly reserved.

22. By removing this action, Defendants do not admit any of the allegations in the Complaint.

23. Defendants respectfully reserve the right to amend or supplement this Notice of Removal as may be appropriate.

## CONCLUSION

**WHEREFORE** Defendants hereby remove this action from the Hamilton County Superior Court of the State of Indiana to the United States District Court for the Southern District of Indiana, and respectfully request that this Court enter such other and further orders as may be necessary to accomplish the requested removal.

Dated:  February 6, 2018

OF COUNSEL:

LATHAM & WATKINS LLP

Christopher J. Clark (*pro hac vice* forthcoming)
885 Third Avenue
New York, NY 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
christopher.clark@lw.com

J. Christian Word (*pro hac vice* forthcoming)
Michael E. Bern (*pro hac vice* forthcoming)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
christian.word@lw.com
michael.bern@lw.com

Respectfully submitted,

KRIEG DEVAULT LLP


By  */s/ Scott S. Morrisson*
    Scott S. Morrisson, Atty. No. 11633-49
    William J. Barkimer, Atty. No. 27017-49
    12800 N. Meridian Street, Suite 300
    Carmel, IN 46032
    Telephone: (317) 238-6201
    Facsimile: (317) 636-1507
    smorrisson@kdlegal.com
    wbarkimer@kdlegal.com

*Attorneys for Defendants Biglari Holdings, Inc., Sardar Biglari, Philip L. Cooley, Kenneth R. Cooper, James P. Mastrian, and Ruth J. Person*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2018, a copy of the foregoing Notice of Removal was filed electronically. A true and correct copy of the foregoing Notice of Removal to be served via overnight courier upon the following:

> Brad A. Catlin
> Price Waicukauski Joven & Catlin, LLC
> 301 Massachusetts Avenue
> Indianapolis, IN 46204
>
> Eric L. Zagar
> J. Daniel Albert
> Justin O. Reliford
> Christopher M. Windover
> Kessler Topaz Melter & Check, LLP
> 280 King of Prussia Road
> Radnor, PA 19087
>
> Jeremy Friedman
> Spencer Oster
> David Tejtel
> Friedman Oster & Tejtel PLLC
> 240 East 79th Street, Suite A
> New York, NY 10075
>
> Peter B. Andrews
> Craig J. Springer
> Andrews & Springer LLC
> 3801 Kennett Pike
> Building C, Suite 305
> Wilmington, DE 19807
>
> *Counsel for Plaintiff*

                         */s/ Scott S. Morrisson*
                         Scott S. Morrisson