**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| JOSEPH HIPPS, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | Case No. 1:18-cv-00349-TWP-TAB |
| BIGLARI HOLDINGS, INC., SARDAR BIGLARI, PHILIP L. COOLEY, KENNETH R. COOPER, JAMES P. MASTRIAN, and RUTH J. PERSON, | Hon. Tanya W. Pratt Magistrate Judge Tim A. Baker |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR
EXPEDITED CONSIDERATION OF MOTION TO REMAND**

Defendants Biglari Holdings, Inc., Sardar Biglari, Philip L. Cooley, Kenneth R. Cooper, James P. Mastrian, and Ruth J. Person (collectively, "Defendants") respectfully submit this opposition to Plaintiff Joseph Hipps' ("Plaintiff") Motion for Expedited Consideration of Motion to Remand ("Motion to Expedite"), ECF No. 12.

**I.     INTRODUCTION**

Over five weeks after Biglari Holdings, Inc. ("Biglari Holdings" or the "Company") first announced its intention to engage in an internal reorganization, Plaintiff filed a complaint against the Company's Directors and controlling shareholder for breach of fiduciary duty and unjust enrichment seeking to enjoin that transaction.  Defendants promptly removed this action to federal court weeks before expiration of the time-period for removal.  The next day, Plaintiff commenced a duplicative suit in state court on the basis of a nearly identical complaint in a transparent attempt to destroy diversity—purporting to add new parties (whom Plaintiff

characterized as "non-parties" in his original complaint) and two new claims (which merely restated Plaintiff's original claims or pleas for relief, and do not present viable causes of action). Many days later, Plaintiff filed a motion to remand this case to state court, and moved to compel Defendants to respond to that motion to remand within 96 hours.[1]  Plaintiff's Motion to Expedite is unjustified and should be denied.

There is no compelling reason for the Court to grant Plaintiff's request to impose a highly truncated briefing schedule in this case.  Plaintiff's claims of urgency are illusory and any purported exigency is largely the product of Plaintiff's own choices, including: (1) his failure to file this action until five weeks after Biglari Holdings announced the proposed reorganization; and (2) his choice to pursue a remand in this case rather than seek relief from this Court.

The reason Plaintiff is so desperate to get back to state court is this Court and the Seventh Circuit have each issued decisions in a similar case involving Biglari Holdings and its board of directors that will require dismissal of Plaintiff's claims.  *See In re Biglari Holdings, Inc. S'holder Derivative Litig.*, 93 F. Supp. 3d 936 (S.D. Ind. 2015), *aff'd sub nom. In re Biglari Holdings, Inc.*, 813 F.3d 648 (7th Cir. 2016).  Plaintiff's desire to avoid those prior rulings does not justify the hyper-accelerated briefing schedule that Plaintiff seeks to impose on Defendants and this Court, particularly when Plaintiff waited over five weeks to bring his lawsuit in the first place.  And although Plaintiff insists that the Defendants removed this action in bad faith, he ignores key facts and controlling precedent demonstrating that removal was proper.

---

[1] As this Court appears to have recognized, Plaintiff failed to confer with Defendants regarding the Motion to Expedite.  Marginal Entry, ECF No. 17 (allowing Defendants until February 16, 2018 to respond based on Plaintiff's "fail[ure] to state Defendants' position regarding the Motion for Expedited Consideration").  The schedule set by this Court for consideration of Plaintiff's motion to expedite has already, in practice, effectively rejected Plaintiff's proposed timeline. Nonetheless, as explained herein, Plaintiff does not point to sufficient justification for expediting proceedings at all.

All of these issues can and should be decided in due course, with full briefing and on a full record. Plaintiff has shown no reason why the matters he waited over five weeks to sue about suddenly need to be addressed on an expedited basis, particularly when the vote Plaintiff seeks to enjoin has not even been scheduled.

Defendants removed this case not to delay, but to avoid relitigating issues that have already been resolved in its favor in this Court. Given Defendants' strong interest in removing this case to federal court, the absence of any urgent need to accelerate the schedule, and the importance of facilitating full and fair consideration of the issues presented by Plaintiff's remand petition, Plaintiff's Motion to Expedite should be denied.

## II.    BACKGROUND

On December 21, 2017, Biglari Holdings ("Biglari Holdings" or "the Company") entered into an Agreement and Plan of Merger (the "Reorganization Agreement") to reorganize itself as a holding company with a dual class structure for the Company's common stock. Consummation of the Reorganization Agreement is subject to numerous conditions, including: (1) SEC review of the proposed transaction; (2) approval and adoption of the Reorganization Agreement by a majority Biglari Holdings' stockholders; and (3) approval for listing on the New York Stock Exchange ("NYSE") of the Class A and B common stock to be issued pursuant to the Reorganization Agreement. Ex. 1, Form S-4, at 10. To date, *none* of these conditions have been fulfilled. Biglari Holdings "intends to hold a special meeting of the shareholders . . . in the first half of 2018 to vote on the Reorganization Agreement," and intends to announce "[t]he date, time and place . . . at a later time." Ex. 2, Form 8-K, at 2.

The Reorganization Agreement was the product of consideration by Biglari Holdings' Board, independent directors, and Chairman (Sardar Biglari) over the course of many years.[2] Ex. 1, Form S-4, at 19.  This involved consultation "with multiple outside advisors and counsel regarding the dual class structure."  *Id.*  The Company's Governance, Compensation and Nominating Committee ("GCN Committee"), the membership of which is independent in accordance with applicable NYSE standards, assessed the proposed dual class structure for more than 13 months.  *Id.*  On December 21, 2017, the GCN Committee "unanimously determined that it would be advisable and in the best interests of the Company and its shareholders (other than Mr. Biglari and his affiliates, as to whom no determination is made), to adopt and approve the reorganization/recapitalization proposal and the transactions contemplated thereby."  *Id.*  Among other things, the Board concluded that the reorganization would benefit shareholders by: (1) enabling strategic acquisitions on a stock-for-stock basis without diluting current shareholders; (2) ensuring equal treatment of Class A and B common stock in the event of a tender or exchange offer by a third party; and (3) avoiding confusion among third parties with a predecessor company.  *Id.* at 19-21.  The Company's Board of Directors unanimously agreed with the GCN Committee's findings and recommended that the Company's shareholders approve the Agreement and its related transactions.  *Id.*

Despite the Board's thoughtful consideration of the proposed dual class structure over the course of many years, and unanimous conclusion that it was in the best interest of the Company's minority shareholders, Plaintiff has undertaken an ill-advised and belated campaign to attack the Company Directors for supporting the proposed reclassification of Biglari Holdings' common stock.  On January 29, 2018, over five weeks after the Company announced its

---

[2] Defendant Sardar Biglari serves as the Company's Chairman and CEO, and also serves on the Company's Board of Directors.  Defendants Cooley, Cooper, Mastrian, and Person make up the remainder of the Company's Board.

intention to reorganize, Plaintiff filed a putative class action complaint in the Hamilton County Superior Court of the State of Indiana captioned *Hipps v. Biglari Holdings, Inc., et al.*, No. 29D01-1801-CT-000760 ("*Hipps I*").  The Company was served with the Complaint on January 30, 2018.

The *Hipps I* complaint asserts three claims for relief: (1) a direct claim against Sardar Biglari in his capacity as controlling shareholder of Biglari Holdings for breach of fiduciary duty; (2) a direct claim against Defendants Sardar Biglari, Philip L. Cooley, Kenneth R. Cooper, James P. Mastrian, and Ruth J. Person (collectively, "Individual Defendants") for breach of fiduciary duty; and (3) a direct claim against Sardar Biglari for unjust enrichment.  Notably, the *Hipps I* complaint fails to allege any claims against Biglari Holdings, and asserts no wrongdoing whatsoever by the Company.

One week later and well within the 30 days afforded it by 28 U.S.C. § 1446(b)(1), the Defendants in *Hipps I* filed a notice of removal and removed the case to this Court on the basis of diversity jurisdiction.  *See* Notice of Removal, ECF No. 1.  That removal resulted in the above-captioned action.

Plaintiff did not seek to remand *Hipps I* as envisioned by 28 U.S.C. §1447(c), or request a preliminary injunction in federal court.  Instead, Plaintiff rushed back to Indiana state court on the day after this case was removed and filed a new action on February 7, 2018, this time in Hamilton County Circuit Court, rather than Superior Court.  *Hipps v. Biglari Holdings, Inc., et al.*, No. 29C01-1802-CT-001154 ("*Hipps II*").

At 10:00 pm on February 12, 2018, nearly a week after Defendants removed this action to federal court, Plaintiff filed his motions to remand and the instant Motion to Expedite. Plaintiff's Motion to Expedite requests that the Court order Defendants to file an opposition to the Motion for Remand on or before Friday, February 16, 2018, just four days after the motion

was filed.  Plaintiff offers no justification for this extremely accelerated briefing schedule other than his conclusory claim that "Plaintiff and Biglari Holdings' other public shareholders will be irreparably harmed in the event that the Reclassification is consummated on its current terms." Mot. to Expedite ¶ 6, ECF No. 12.

On February 14, 2018, a full week after *Hipps II* was filed in the Hamilton County Circuit Court, Plaintiff filed a motion to transfer the *Hipps II* action back to the Superior Court. Plaintiff's *own* transfer motion describes *Hipps II* as a gambit to "immunize against another removal" and fails to offer any justification for Plaintiff's decision to file a second action in state court rather than permit this Court to resolve the propriety of removal in *Hipps I*.  *Hipps II* has since been transferred back to the Superior Court.

## III.    ARGUMENT

### A.    Plaintiff's Claimed Urgency Is Unfounded And Does Not Warrant Expedited Proceedings

For several reasons, Plaintiff has not demonstrated that the highly expedited schedule he requests is warranted.  First, the consummation of the reorganization is not imminent.  It is subject to numerous conditions, including SEC review of disclosures regarding the proposed transaction.  *See supra* at 3.  Second, and more fundamentally, Plaintiff fails to demonstrate that his claims require immediate resolution prior to consummation of the Reorganization Agreement.  Unlike an external transaction that would be difficult to unwind, the corporate reorganization that Plaintiff so vehemently opposes is effectively internal.  The allocation of voting rights, with which Plaintiff primarily takes issue, can be reversed with the stroke of a pen, even after the reorganization is completed.  "Harm cannot be considered irreparable if it can be fully rectified in a final judgment." *Authenticom, Inc. v. CDK Glob., LLC*, 874 F.3d 1019, 1024 (7th Cir. 2017).  Third, the exigency on which Plaintiff relies is a product of his own making. Although the Company's corporate reorganization plan was announced in December of last year,

Plaintiff waited to file anything—in any court—until the end of January.  *See Hipps I* Compl. 1, ECF No. 1-2 (reflecting *Hipps I* filing on January 29, 2018).   Yet Plaintiff now insists that Defendants should respond to his motion to remand within 96 hours, and urges this Court to rule as early as next week.

Plaintiff is noticeably silent about why he is so anxious to return to state court rather than pursue the purportedly urgent relief he seeks in this Court.  This Court possesses *jurisdiction* to hear this case[3] and expressly invited the parties to file any pending motions previously filed in state court in this Court.  *See* Order, ECF No. 5.  Despite that invitation, Plaintiff has chosen not to refile his motion for preliminary injunction in this Court, but instead to pursue a remand to state court, thereby further undermining the baseless claim that he will face "irreparable harm" unless the Court grants his Motion to Expedite.  *See* Mot. to Expedite ¶ 6, ECF No. 12 (claiming,

---

[3] Plaintiff's only argument against removal is that it is barred by 28 U.S.C. § 1441(b)(2), which is "not a jurisdictional" provision.  *GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 625 (7th Cir. 2013).  Plaintiff does not contest, therefore, that jurisdiction is proper in this Court.  On February 13, 2018, this Court invited Defendants to submit a supplemental jurisdictional statement to augment Defendants' allegation that Plaintiff is a citizen of New York, as well as to address whether the amount in controversy in this case exceeds $5,000,000, so as to make jurisdiction available under 28 U.S.C. § 1332(d).  *See generally* Entry on Jurisdiction, ECF No. 16.  Plaintiff has now, however, affirmatively acknowledged that he is a citizen of New York.  Mot. for Remand ¶ 22, ECF No. 11.  And as Defendants will set forth in greater detail in their supplemental jurisdictional statement, it is unnecessary for a class action defendant to allege that the amount in controversy exceeds $5,000,000, as is required to remove a case involving *minimal* diversity under 28 U.S.C. § 1332(d), so long as the defendant shows there exists *complete* diversity and alleges that the amount in controversy exceeds $75,000.  *See Stell v. Gibco Motor Express, LLC*, No. 3:15-CV-1105-DRH-DGW, 2016 WL 2620178, at *2 (S.D. Ill. May 9, 2016) ("CAFA does not supplant traditional diversity jurisdiction; it supplements it. . . . 'That means that a class action case not arising under federal law can be lodged in federal court if it meets *either* the basic diversity requirements *or* CAFA's requirements.'" (emphasis added) (quoting 2 William Rubenstein et al., *Newberg on Class Actions* § 6:6 (5th ed.)); *see also, e.g.*, *Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 781 n.3 (7th Cir. 2015) (noting in a putative class action that "[f]ederal jurisdiction arose under the Class Action Fairness Act, 28 U.S.C. § 1332(d), based on minimal diversity" and that once "the parties became completely diverse, . . . jurisdiction was also proper under 28 U.S.C. § 1332(a)(1)").

in conclusory fashion, that Plaintiff and other shareholders will suffer irreparable harm).[4]
Plaintiff certainly is entitled to seek remand in hopes of avoiding controlling authority from this
Court and the Seventh Circuit that render his claims highly unlikely to succeed, but that *tactical*
choice does not create an exigent circumstance justifying the imposition of a highly truncated
timeline and its attendant burden on Defendants and this Court.

In short, Plaintiff does not show good cause to grant his Motion to Expedite.

### B.   Defendants' Removal Is Proper And Warrants Full And Fair Consideration By The Court

Plaintiff also insinuates that expedited treatment is warranted because Defendants'
removal of this action is "legally incorrect and factually erroneous."  Mot. to Expedite ¶ 5, ECF
No. 12.  Plaintiff is wrong.  Defendants' opposition to Plaintiff's motion to remand will
demonstrate Defendants' basis for removal is well-grounded in precedent.

First, Defendants will show that Plaintiff misleadingly describes the forum selection
clause in Biglari Holdings' By-Laws.  Plaintiff accurately quotes *part* of that clause, which
provides that the Hamilton County Court generally "shall be the sole and exclusive forum" for
cases such as this.  Mot. for Remand ¶ 6, ECF No. 11.  But Plaintiff omits the *rest* of that clause,
which crucially vests Biglari Holdings with the discretion to choose any another forum,
including this Court.  The cause actually reads:

> ***Unless the Corporation consents in writing to the selection of an alternative
> forum***, the Circuit or Superior Courts of Hamilton County of the State of Indiana
> (the "Selected Courts") (or, in the event that the Selected Court do not have
> jurisdiction, the United States District Court for the Southern District of the State
> of Indiana or other state courts of the State of Indiana) shall, to the fullest extent
> permitted by law, be the sole and exclusive forum for (a) any derivative action or
> proceeding brought by or in the name of the Corporation, (b) any action asserting

---

[4] In fact, Plaintiff has asked that the Court extend his deadline to refile a motion for preliminary
injunction to 7 days after the Court addresses the remand motion.  ECF No. 18.  If Plaintiff truly
believed there was the prospect of irreparable harm he would not so delay seeking preliminary
injunctive relief in this Court.

a claim of breach of a fiduciary duty owed by any director, officer, employee, agent or Affiliate of the Corporation to the Corporation or to the Corporation's shareholders, (c) any action arising pursuant to any provision of the Indiana Business Corporation Law or the Corporation's Articles of Incorporation or these By-Laws (as may be amended from time to time) or (d) any action asserting a claim against the Corporation governed by the internal affairs doctrine. If any action the subject matter of which is within the scope of the preceding sentence is filed in a court other than a court located in the State of Indiana (a "Foreign Action") in the name of any shareholder, such shareholder shall be deemed to have consented to (i) personal jurisdiction of the state and federal courts located within the State of Indiana in connection with any action brought in any such court to enforce the preceding sentence and (ii) having service of process made upon such shareholder in any such action by service upon such shareholder's counsel in the Foreign Action as agent for such shareholder.

Ex. 3, Amended and Restated By-Laws, at Article IX, § 1 (emphasis added).  Biglari Holdings'

decision to exercise that right by removing this action to this Court is eminently reasonable,

because this Court and the Seventh Circuit have already resolved many of the issues raised by

Plaintiff's complaint.  *See In re Biglari Holdings*, 93 F. Supp. 3d 936, *aff'd sub nom. In re*

*Biglari Holdings*, 813 F.3d 648.

Second, Plaintiff fails to point to any binding authority requiring remand and ignores

binding authority *supporting* removal.  For example, as Plaintiff admits, "no breach of fiduciary

duty claims were pled against Biglari Holdings."  Mot. to Expedite ¶ 5, ECF No. 12.  That fact

alone is critical.  *See, e.g.*, *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73-74 (7th Cir. 1992)

(finding fraudulent joinder where the plaintiff "failed to state any claim against [the defendant]").

And although Plaintiff acknowledges that the "crux" of his remand motion turns on whether

Biglari Holdings is a necessary party, the Seventh Circuit has already held that a corporation "is

*not* an indispensable party" for purposes of diversity jurisdiction in "a direct suit by a

shareholder" alleging "a direct claim" for declaratory relief against other shareholders.

*Weinstein v. Schwartz*, 422 F.3d 476, 478 & n.2 (7th Cir. 2005) (emphasis added); *see also*

*Gerace v. Andrews*, No. 13-CV-5965, 2014 WL 4637126, at *2 n.3 (N.D. Ill. Sept. 15, 2014)

(explaining that when a plaintiff brings "an individual or 'direct' claim," "the corporation is not

truly a defendant at all, and its citizenship may be ignored for the purposes of determining whether there is diversity jurisdiction").  Plaintiff cannot simply bulldoze through these well-settled principles by pretending they do not exist.[5]

Given Defendants' strong interest in removal, Defendants should have an appropriate opportunity to brief these issues.  Neither Defendants nor the Court should be forced to rush to judgment on the basis of a claimed exigency that is both illusory and attributable to the extent it exists at all to Plaintiff's delay in filing this suit and choice to seek remand rather than pursue relief in this Court.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to Expedite, ECF No. 12, and allow briefing to proceed in accordance with the Local Rules.

---

[5] Plaintiff's repeated accusations of "bad faith" are unfounded and the product of his unhappiness with finding himself in this Court.  If anything, it is Plaintiff whose decisions to file a second action in state court and motion to remand this action on an accelerated basis demonstrate "a desperate attempt" to avoid federal court at all costs.  Mot. for Remand ¶ 6, ECF No. 11.

Dated:  February 16, 2018

KRIEG DEVAULT LLP


*/s/ Scott S. Morrisson*
Scott S. Morrisson (No. 11633-49)
William J. Barkimer (No. 27017-49)
12800 N. Meridian Street, Suite 300
Carmel, IN 46032
Telephone: (317) 238-6201
Facsimile: (317) 636-1507
smorrisson@kdlegal.com
wbarkimer@kdlegal.com

Respectfully submitted,

LATHAM & WATKINS LLP


*/s/ Christopher J. Clark*
Christopher J. Clark (*pro hac vice*
forthcoming)
Blair Connelly (*pro hac vice* forthcoming)
885 Third Avenue
New York, NY 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
christopher.clark@lw.com
blair.connelly@lw.com


J. Christian Word (*pro hac vice* forthcoming)
Michael E. Bern (*pro hac vice* forthcoming)
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
christian.word@lw.com
michael.bern@lw.com


*Counsel for Defendants Biglari Holdings, Inc., Sardar Biglari, Phillip L. Cooley, Kenneth R. Cooper, James P. Mastrian, and Ruth J. Person*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing has been served electronically upon the following counsel of record through the Indiana E-Filing System (IEFS) this 16th day of February, 2018:

Brad A. Catlin
Price Waicukauski Joven & Catlin, LLC
301 Massachusetts Avenue
Indianapolis, IN 46204

Eric L. Zagar
J. Daniel Albert
Justin O. Reliford
Christopher M. Windover
Kessler Topaz Melter & Check, LLP
280 King of Prussia Road
Radnor, PA 19087

Jeremy Friedman
Spencer Oster
David Tejtel
Friedman Oster & Tejtel PLLC
240 East 79th Street, Suite A
New York, NY 10075

Peter B. Andrews
Craig J. Springer
Andrews & Springer LLC
3801 Kennett Pike
Building C, Suite 305
Wilmington, DE 19807

*Counsel for Plaintiff*

     */s/ Scott S. Morrisson*
     Scott S. Morrisson