UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSEPH HIPPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-00349-TWP-TAB |
| | ) |
| BIGLARI HOLDINGS, INC., | ) |
| SARDAR BIGLARI, | ) |
| PHILIP L. COOLEY, | ) |
| KENNETH R. COOPER, | ) |
| JAMES P. MASTRIAN, | ) |
| RUTH J. PERSON, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION
REGARDING PLAINTIFF'S MOTION TO REMAND**

## I. Introduction

Before the Court is Plaintiff Joseph Hipps's motion to remand this action to the Hamilton Superior Court. [Filing No. 11.] Hipps also asks the Court to impose sanctions and award fees. Hipps commenced this action in Hamilton Superior Court to enjoin Defendants Sardar Biglari, Philip L. Cooley, Kenneth R. Cooper, James P. Mastrain, and Ruth J. Person (the "Individual Defendants") and Defendant Biglari Holdings, Inc. from a proposed reclassification of Biglari Holdings and to prevent a special meeting of shareholders to vote on the proposed reclassification. Defendants removed this action to this Court, indicating that they believe Biglari Holdings was fraudulently joined so as to trigger the "forum defendant" rule. In their response to Hipps's motion to remand, Defendants argue that Biglari Holdings was fraudulently joined to prevent removal and that Biglari Holdings is a nominal party, so its citizenship should be ignored. However, Defendants fail to show the fraudulent joinder doctrine applies to a

diverse, forum defendant and fail to show that Biglari Holdings is a mere nominal defendant. Therefore, remand is appropriate. [Filing No. 11.]

Hipps's motion also asks the Court to impose sanctions in the form of an injunction and to award fees and costs under 28 U.S.C. § 1447(c). However, such an injunction, if warranted, would be better administered by Hamilton Superior Court, and Hipps failed to meet its burden of showing that Defendants lacked an objectively reasonable basis for removal. Accordingly, sanctions and fees are not appropriate.

## II. Background

Hipps filed a shareholder class action in Hamilton Superior Court alleging the Individual Defendants breached their fiduciary duties as members of Biglari Holdings' board of directors in connection with a pending reclassification of Biglari Holdings' capital structure. Hipps alleges that if the vote is allowed to take place, the reclassification will be approved because Sardar Biglari is the controlling shareholder. In an attempt to prevent the restructuring, Hipps sought an injunction, and the state court set a hearing on the issue. However, before the hearing the Individual Defendants timely removed to this Court with the consent of Biglari Holdings. The removal is based on the Court's diversity jurisdiction, and there is no dispute that there is complete diversity.[1]

## III. Discussion

### a. Forum Defendant, Fraudulent Joinder, and Nominal Parties

Even when there is complete diversity, the removing defendant must clear the "additional hurdle" of 28 U.S.C. § 1441(b)(2)—otherwise known as the "forum defendant rule." *Morris v.*

---

[1] Plaintiff Hipps is a citizen of New York. Individual Defendants Sardar Biglari, Cooley, Cooper, and Mastrian are citizens of Texas. Individual Defendant Person is a citizen of Michigan. Defendant Biglari Holdings is incorporated in Indiana and has its principal place of business in Texas; i.e. it is a citizen of both Indiana and Texas. And the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332.

2

*Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013) (quoting *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378 (7th Cir. 2000)). This hurdle is straight forward: "A civil action removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The forum defendant rule "is designed to preserve the plaintiff's choice of (state) forum under circumstances where it is arguably less urgent to provide a federal forum to prevent prejudice against an out-of-state party." *Hurley*, 222 F.3d at 380. The presence of Biglari Holdings as a defendant triggers the forum defendant rule in this instance. Biglari Holdings is incorporated in Indiana and is therefore a citizen of Indiana. Yet, Defendants removed the case to federal court.

Defendants argue that they can clear the forum defendant rule hurdle by removing Biglari Holdings' citizenship from consideration. As the parties seeking removal, Defendants bear the burden of proving removal is proper and any doubt is "resolved in favor of the plaintiff's choice of forum in state court." *See Morris*, 718 F.3d at 668. Defendants offer two arguments: 1) Biglari Holdings was fraudulently joined and 2) Biglari Holdings is merely a nominal party whose citizenship is irrelevant. Neither argument is persuasive.

"Under the fraudulent joinder doctrine . . ., an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim 'has no chance of success.'"[2] *Morris*, 718 F.3d at 666 (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). Defendants argue that Biglari Holdings is

---

[2] "As many courts have noted, the term 'fraudulent joinder' is a bit of a misnomer—the doctrine requires neither fraud nor joinder." *Schur v. L.A. Weight Loss Ctr., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

fraudulently joined because Hipps fails to level a claim against it, much less a claim with a chance of success.

In their zeal to clear the hurdle of the forum defendant rule, Defendants leapt right over an important initial question: does the fraudulent joinder doctrine apply when the defendant in question does not destroy diversity, but merely triggers the forum defendant rule?  This is an open question that the Seventh Circuit expressly left undecided:

> It seems to us that extending the fraudulent joinder doctrine to diverse resident defendants would constitute a nontrivial expansion of the removal right.  To offer a first appellate resolution of a question not often considered even in district courts in a case in which the briefs are, at best, unhelpful, would be unwise . . . .  Accordingly, we will lay out the policy factors we deem to be the most relevant in considering whether to extend the doctrine, but ultimately do not decide the issue.

*Morris*, 718 F.3d at 668.  In *Bahalim v. Ferring Pharm., Inc.*, 16 C 8335, 2017 WL 118418, at *3–4 (N.D. Ill. Jan. 12, 2017), the defendant successfully argued that the *Morris* factors favored application, but the court merely found that the fraudulent joinder doctrine applied in that case— it did not generally extend the doctrine.

The Court should not extend the fraudulent joinder doctrine in this instance because Defendants fail to satisfy their burden of showing removal was proper.  In fact, Defendants fail to make an argument based on the *Morris* factors or otherwise to show that the doctrine should be extended.[3]  Defendants' oversight in assuming the fraudulent joinder doctrine applies is a fatal misstep.

Defendants' argument that Biglari Holdings is a nominal defendant is unconvincing. Though the forum defendant rule is not triggered by the citizenship of a nominal party, *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 631 (7th Cir. 2013), Biglari Holdings is not a nominal defendant

---

[3] Much like in *Morris*, there is no reason for this Court to opine as to whether the doctrine, in general, should be extended to instances involving joinder of a diverse, forum defendant.

and its citizenship cannot be ignored. A defendant is nominal when "[h]is relation to the suit is merely incidental and it is of no moment to him whether the one or the other side in the controversy succeeds." *Visteon Corp. v. Nat'l. Union Fire Ins. Co. of Pittsburgh, Pa,* 1:11-CV-0200-RLY-TAB, 2011 WL 6046272, at *2 (S.D. Ind. Oct. 13, 2011), *report and recommendation adopted,* 1:11-CV-0200-RYL-TAB, 2011 WL 6043008 (S.D. Ind. Dec. 5, 2011); *S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991). If Hipps prevails in this action, Biglari Holdings could be enjoined from taking an action that it otherwise would have taken. Thus, which side wins in this dispute clearly matters to Biglari Holdings, and it is not a mere nominal party.[4]

Defendants rely on a narrower definition, which says defendants are nominal when "there is no reasonable basis for predicting that [they] will be held liable." *GE Betz*, 718 F.3d at 631 (quoting *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993)). However, Defendants do not provide a convincing reason for applying only this narrower definition. In fact, each of the cases Defendants cite conclude, or at least suggest, that this narrow definition is not the end of the inquiry. In *GE Bentz*, the court noted there were "two reasons why Harris [was] more than just a 'nominal or formal' party to the suit." *Id.* The first was that Harris did not fall into the "very narrow" definition used in *Shaw*. *Id.* The second, independent reason for which Harris was not a nominal defendant had nothing to do with potential liability, but rather with jurisdiction under 28 U.S.C. § 1441(a). *Id.* Thus, *GE Bentz* does not imply that the narrower definition is dispositive. Similarly, in *Garwood v. Indiana*, 4:11-CV-0072-TWP-DML, 2011

---

[4] Within their fraudulent joinder argument, Defendants argue there is no chance Biglari Holdings will be enjoined because Indiana law provides exclusive remedies that do not include an injunction. However, they do not make this contention within their nominal defendant argument, and the cited case law is specific to fraudulent joinder. [Filing No. 34, at ECF p. 10 (citing *Morris*, 718 F.3d at 666).]

5

WL 4826998, at *1 (S.D. Ind. Oct. 11, 2011), the Court looked to the narrow *Shaw* definition, but it also included that a nominal party "has no interest in the subject matter being litigated." *Id.* There, the defendant in question happened to face potential liability, so there was no need to further examine her interest in the litigation. *See id.*

Defendants also cite *R.C. Wegman Const. Co. v. Admiral Ins. Co.*, 629 F.3d 724, 726 (7th Cir. 2011). [Filing No. 34, at ECF p. 8.] However, that case dealt with the fraudulent joinder of a non-diverse defendant, which Judge Posner compared to naming the governor of the plaintiff's state as a defendant in order to evade diversity jurisdiction. *Id.* Even still, the Court continued its analysis to examine what interest the purported defendant had in the suit. *Id.* The Court found his interest was akin to a plaintiff, and his proper role would be as an intervenor to collect from the defendant a debt owed him by the bankrupt plaintiff. *Id.* Contrary to Defendants' position, these cases show that the inquiry does not stop at whether the defendant faces liability, but continues on to what interest the defendant has in the litigation. As noted above, Biglari Holdings has an interest in continuing to operate as it sees fit, and if Hipps were to succeed in this litigation, that ability would be enjoined. Therefore, Biglari Holdings is not a nominal defendant, and remand is appropriate.

### b. Sanctions, Fees, and Costs

In addition to remand, Hipps seeks sanctions against Defendants and to recover his fees and costs, arguing the removal was in bad faith. Hipps asserts: 1) Biglari Holdings' by-laws prohibit removal, 2) Defendants knew their removal arguments were meritless, and 3) the removal was for the improper purpose of causing unnecessary delay to the state court litigation, especially adjudication of Hipps's preliminary injunction motion.

Hipps cites case law suggesting that the Court retains the power to enjoin the parties even after it remands the suit to state court. However, this would unnecessarily involve this Court

6

when the issue is more appropriately addressed by Hamilton Superior Court. Hipps filed a supplemental brief informing the Court that the vote to approve reclassification is set for April 26, 2018. [Filing No. 38, at ECF pp. 1–2.] Surely, the Hamilton County court is just as capable in assessing whether Defendants engaged in unnecessary delay, and the same is true of the state court's ability to decide whether to enjoin the vote. Extending this Court's involvement in a remanded case by having it administer an injunction would unnecessarily complicate this matter. This Court should leave the injunction issue for the Hamilton Superior Court, and express no opinion as to the appropriateness of the requested injunction.[5]

Hipps also seeks costs and fees under 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "The test [for an objectively reasonable basis] is whether the relevant case law clearly foreclosed the defendant's basis for removal." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 794 (7th Cir. 2007); *see Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 534–35 (7th Cir. 2008) (reversing a fee award due to the "paucity of appellate authority").

Relevant case law did not clearly foreclose Defendants' basis for removal. Though Defendants' argument is ultimately unpersuasive, the Seventh Circuit expressly left open the question as to whether the fraudulent joinder doctrine applies to diverse, forum defendants. Hipps's cited case, *Zotec Partners, LLC v. Herald*, No. 1:13-cv-792-JMS-DKL, 2013 WL 3989424, at *5 (S.D. Ind. Aug. 1, 2013), is distinguishable. The issue in *Zotec* was an improper application of the fraudulent joinder rule, but the defendants sought "to apply the doctrine

---

[5] Hipps's efforts to end-run local and federal rules regarding sanctions and temporary injunctive relief by asking the Court to act on its own initiative are particularly displeasing. Such attempts to sidestep the rules are not well received.

against a nominal *plaintiff*." *Id.* at *3 (emphasis in original). Whether to apply the doctrine "was not a close call under applicable law." *Id.* at *5. Further, as noted above, Defendants' cited definition of "nominal defendant" was not incorrect, it was simply incomplete and not unreasonable.

Hipps maintains that the Court retains "discretion to weigh the specific circumstances of a case which may warrant a departure from the general rule." [Filing No. 11, at ECF p. 14 (quoting *Lead College Preparatory Inc. v. Gary Cmty. Sch. Corp.*, No. 2:11-cv-205, 2012 WL 5195973, at *3 (N.D. Ind. Oct. 9, 2012)).] Hipps asserts there are "unusual circumstances" here. However, his arguments are unavailing. Hipps "submits that Defendants' decision to contravene [Biglari Holdings'] forum selection provision to gain an advantage in the litigation by stifling [Hipps] and other Biglari Holdings public shareholders' ability to seek judicial review constitutes 'unusual circumstances.'" [*Id.*] His argument that removal is prohibited by Biglari Holdings' by-laws is unconvincing. Though the by-laws select the Hamilton County courts as the forum for this kind of litigation, they also provide that Biglari Holdings may "consent[] in writing to the selection of an alternative forum." [Filing No. 34, at ECF p. 6.] In the notice of removal, Biglari Holdings did just that. [Filing No. 1, at ECF p. 5, ¶ 18.] Also, the timing of the removal is not as suspect as in *Mercom Group, LLC v. Diati Staffing, LLC*, CV 16-3475 (JBS/JS), 2016 WL 4054921, at *6 (D.N.J. July 26, 2016), where the defendant removed two days after it missed the deadline to respond to the plaintiff's motion for a preliminary injunction and one week before a scheduled hearing on the motion. In contrast, Defendants removed shortly after Hipps filed the complaint, making the timing appear coincidental rather than nefarious. Further, Hipps's bald assertion that his efforts were stifled is not supported. If his claim is meritorious, he should

8

prevail in Hamilton Superior Court. An award of fees and costs is not appropriate, as the case does not present "unusual circumstances."

## IV. Conclusion

For the reasons discussed above, Hipps's motion to remand should be granted to the extent that it seeks to remand this case to Hamilton Superior Court. However, Hipps's additional requests for an injunctive sanction, fees, and costs should be denied. [Filing No. 11.]

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Absent a showing of good cause, failure to file objections within 14 days after service shall constitute a waiver of subsequent review.

Date: Date: 3/26/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.